## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUISE FERKETICH | : | CIVIL ACTION |
| | : | NO. 02-CV-3019 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| CARNIVAL CRUISE LINES | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of Plaintiff's Motion for Remand and Defendant's Response thereto, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED that said Motion is DENIED.

BY THE COURT:

_____
                                                                                                J.

Dated: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| LOUISE FERKETICH | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 02-CV-3019 |
| | : | |
| CARNIVAL CRUISE LINES | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT CARNIVAL CRUISE LINES' RESPONSE TO
PLAINTIFF'S MOTION FOR REMAND**

Now comes Defendant, Carnival Cruise Lines, by and through its counsel, Mattioni, Ltd., and for its response to Plaintiff's Motion for Remand, states as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied. This action is subject to the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a) since the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. Neither admitted nor denied. Whether Plaintiff at this time chooses to stipulate that the matter in controversy does not exceed the sum of $75,000 is not germane to Plaintiff's Motion to Remand. As set forth in Defendant's Memorandum in Support of its Response to Plaintiff's Motion to Remand, the federal case law is firm that one must look to the four corners of the complaint in order to determine the amount in controversy, and a Plaintiff's post-removal

assertion or stipulation that damages are less than the jurisdictional limit has no legal significance. Plaintiff's Complaint (Exhibit "A"[1]) asserts damages in excess of $50,000.00 arising from serious injuries allegedly sustained when she fell down a marble staircase on Defendant's vessel, including: a broken leg, headaches, back pain, loss of full use of her leg, injuries to her nervous system, and past and future damages due to ongoing medical problems.

WHEREFORE, Defendant, Carnival Cruise Lines, respectfully requests that this Honorable Court deny Plaintiff's Motion for Remand.

Respectfully submitted,

**MATTIONI, LTD.**

Dated: June 27, 2002

By: _____
DANTE MATTIONI, ESQUIRE
PAUL A. KETTUNEN, ESQUIRE
399 Market Street, Second Floor
Philadelphia, PA 19106
(215)269-1600
Attorneys for Defendant, Carnival Cruise Lines, Inc.

---

[1] Exhibit "A" referenced herein is attached to Defendant's Memorandum of Law in Support of Response to Motion for Remand filed concurrently herewith.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUISE FERKETICH | : | CIVIL ACTION |
| | : | NO. 02-CV-3019 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| CARNIVAL CRUISE LINES | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CARNIVAL CRUISE LINES' RESPONSE TO PLAINTIFF'S MOTION FOR REMAND**

**I.   FACTS**

    **A.   Plaintiffs' Claims**

Plaintiff is a resident of Bensalem, Pennsylvania (Exhibit "A", Complaint). Her Complaint asserts damages allegedly sustained on May 17, 2001, while she was a passenger on a cruise aboard Defendant's vessel, the INSPIRATION, while the vessel was anchored in waters off the Cayman Islands (*id*., para. 4).

Plaintiff claims that she fell down one half of a flight of marble steps on the INSPIRATION (*id*., para. 5). Plaintiff alleges that she has sustained damages in excess of $50,000.00 due to serious injuries, including the following:

    a.    Paragraph 8 alleges that "...Plaintiff sustained serious injuries including but not limited to: broken leg, headaches, back pain, loss of full use of her leg, and injuries to her nerves and nervous system, all to her great expense, detriment and loss."

    b.    Paragraph 9 alleges that "Plaintiff, in the past and in the future will require medical care and attention and the attending costs thereof, all to her great expense, detriment and loss."

    c.      Paragraph 10 alleges that "plaintiff has incurred various expenses for medical treatments and medicine, and may and will continue to incur additional expenses for medication and treatment for an indefinite period in the future, all to her great expense, detriment and loss."

    d.      Paragraph 11 alleges that "...Plaintiff may and probably will in the future continue to suffer great pain and agony, and has been and probably will in the future be hindered and prevented from attending her usual duties, hobbies and leisure activities, thereby resulting in a loss, depreciation and diminution of her enjoyment of life, all to Plaintiff's great and continuing detriment and loss."

**B. Procedural History**

Plaintiff filed her Complaint on April 30, 2002, and served it on Defendant on May 6, 2002. On May 21, 2002, Defendant filed it's Notice of Removal.

Plaintiff is a citizen of Pennsylvania and Defendant is a citizen of Florida. The action was removed to this Court on May 21, 2002, on the basis of diversity jurisdiction, pursuant to 28 U.S.C §1332.

Plaintiff filed the instant Motion to Remand on June 14, 2002, alleging this Court lacks diversity jurisdiction because the amount in controversy does not exceed $75,000.00.

**II.  LAW**

    **A.     The Amount in Controversy Exceeds $75,000.00**

Plaintiff now, after her action has been removed to Federal Court, is for the first time making the claim that the amount in controversy is less than $75,000.00. However, the federal case law is firm that one must look to the four corners of the complaint in order to determine the amount in controversy, and Plaintiff's post-removal assertion or stipulation that damages are less than the jurisdictional limit has no legal significance since the Court must make this determination by examining the jurisdictional amount in effect on the date of removal. <u>Angus v.</u>

Shiley, Inc., 989 F.2d 142 (3rd Cir. 1993); Government of the Virgin Islands v. Sun Island Car Rentals, Inc., 819 F.2d 430 (3rd Cir., 1987); Werwinski v. Ford Motor Company, 286 F.3d 661 (3rd Cir. 2002); TJS Brokerage & Co. v. CRST, Inc., 958 F.Supp. 220 (E.D. Pa. 1997); Teller v. Equitable Life Assurance Society, 1998 U.S. Dist. LEXIS 15500 (E.D. Pa. 1998); In Re: Diet Drugs Products Liability Litigation v. American Home Products Corporation, 2000 U.S. Dist. LEXIS 17525 (E.D. Pa. 2000).[2]  As Judge Bechtle of this Court recently concluded:  "[T]he court must look to the factual allegations in the Petition to determine the jurisdictional amount, and not rely on Plaintiffs' estimate of damages."  In Re: Diet Drugs Products Liability Litigation v. American Home Products Corporation, supra, at p. 30.[3]

Where the complaint does not limit its request for damages to a precise monetary amount, such as in this case, the court must make an independent appraisal of the value of the claim based on the allegations contained in the complaint; and, in so doing, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  Angus, *supra*, 989 F.2d at 145 (citations omitted); Werwinski, *supra*, at 666..

The Complaint in the instant case alleges damages "in excess of $50,000.00."  The Complaint alleges "serious injuries" (as set forth above in I, A) arising from Plaintiff's fall down a half flight of a marble stair case on Defendant's vessel.  In short, Plaintiff claims she sustained a broken leg with resulting loss of full use, as well as back pain, headaches, and injuries to her

---

[2] Copies of all cited cases are attached hereto.

[3] See also, 14A Wright, Miller & Cooper, Jurisdiction section 3725 n. 49 - a reduction in the amount claimed after the suit has actually been removed will not defeat jurisdiction.

nervous system. She asserts that she will require future medical care for her injuries and thus alleges damages for her past and future medical bills. As well, Plaintiff alleges damages for pain and suffering, past and future, and damages for depreciation and diminution of her enjoyment of life.

Defendant submits that Plaintiff's allegations on the face of her Complaint demonstrate that her potential damages in this case, when measured by "a reasonable reading of the value of the rights being litigated," are greater than $75,000.

### III.  CONCLUSION

For the reasons set forth above, Defendant, Carnival Cruise Lines, respectfully requests that this Honorable Court deny Plaintiff's Motion for Remand.

Respectfully submitted,

**MATTIONI, LTD.**

Dated: June 27, 2002

By: _____
DANTE MATTIONI, ESQUIRE
PAUL A. KETTUNEN, ESQUIRE
399 Market Street, Second Floor
Philadelphia, PA 19106
(215)629-1600
Attorneys for Defendant, Carnival Cruise Lines