IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUISE FERKETICH, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CARNIVAL CRUISE LINES | : | |
|     Defendant. | : | NO. 02-CV-3019 |

**MEMORANDUM & ORDER**

**J. M. KELLY, J.**                                                                                   **AUGUST     , 2002**

      Presently before the Court is Plaintiff Louise Ferketich's ("Ferketich") Motion to Remand. Ferketich initially commenced this action in the Court of Common Pleas of Philadelphia County. Defendant, Carnival Cruise Lines ("Carnival"), alleged that the parties were diverse and removed the action to this Court. Ferketich now argues that the amount in controversy is insufficient to confer diversity jurisdiction upon this Court and, for the first time upon her Motion to Remand, has offered to stipulate that damages in this action do not exceed $75,000.00.

**I. BACKGROUND**

      In her Complaint, Ferketich alleges that she slipped and fell and was injured while a passenger on the Carnival cruise ship Inspiration. Ferketich claims that she suffered: (1) a broken leg; (2) headaches; (3) back pain; (4) loss of use of her leg; and (5) injuries to her nerves and nervous system. She claims as damages past and future pain and suffering and past and future medical expenses. In her ad damnum clause, Ferketich demands damages in excess of $50,000.00.

## II. DISCUSSION

A.  **Standard for Motion to Remand**

Generally, a defendant may remove a civil action filed in state court when the federal court could have original jurisdiction over the matter. See 28 U.S.C. § 1441(b) (1994); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Upon removal, however, the district court may remand the case to state court if there has been a procedural defect in the removal or if the court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c); Township of Whitehall v. Allentown Auto Auction, 966 F. Supp. 385, 386 (E.D. Pa. 1997). Upon a motion to remand, the moving party has the burden of establishing the propriety of removal. See Boyer, 913 F.2d at 111; Orndorff v. Allstate Ins. Co., 896 F. Supp. 173, 174 (M.D. Pa. 1995); Corwin Jeep Sales & Serv. Inc. v. American Motors Sales Corp, 670 F. Supp. 591, 595 (E.D. Pa. 1986). Removal jurisdiction is to be strictly construed, with all doubts as to its propriety to be resolved in favor of remand. See Orndorff, 896 F. Supp. at 175 n.3; Corwin, 670 F. Supp. at 592.

B.  **Diversity Jurisdiction**

Diversity jurisdiction requires that the parties be completely diverse and that the amount in controversy exceed $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332. The parties do not dispute that there is complete diversity of citizenship for jurisdictional purposes. Rather, Ferketich contends that her claim does not satisfy the amount in controversy requirement.

As noted above, the moving defendant bears the burden of proving that jurisdiction is proper in federal court. See e.g., Russ v. State Farm Mut. Auto. Ins. Co., 961 F. Supp. 808, 810 (E.D. Pa. 1997). In a case where the Plaintiff claims an amount in excess of an amount less than the jurisdictional minimum, "[w]hen it appears to a legal certainty that the plaintiff was never

entitled to recover the minimum amount set by Section 1332, the removed case must be remanded even if the jurisdictional deficiency becomes evident only after trial." Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999).

**C.     Amount in Controversy**

In determining whether the jurisdictional amount has been satisfied, the court must first look to the complaint. See Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself."). If the complaint does not contain a demand for an exact monetary amount, however, the court must make an independent appraisal of the claim and arrive at the reasonable value of the rights being litigated after a generous reading of the complaint. Id. at 146.

In the instant case, Ferketich's Complaint raises one count against Carnival, alleging negligence. For the injuries alleged in the Complaint, Ferketich seeks damages in an "amount in excess of $50,000." The Third Circuit has noted that when evaluating claims that do not demand a precise amount of damages, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus, 989 F.2d at 1412. The Complaint itself claims that the reasonable value of the rights being litigated exceeds $50,000.00. It appears that, if proven, Ferketich's claims could result in an award in excess of $75,000.00 as she claims pain and suffering and past and future medical expenses due to the loss of the use of her leg because of a broken leg, back pain, headaches and nerve damage.

Ferketich's proposed stipulation to limit the damages in this case to an amount less than $75,000 does not defeat diversity jurisdiction in this matter. "A plaintiff following removal

cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor." <u>Angus</u>, 989 F.2d at 145. Accordingly, the proposed stipulation does not alter the Court's analysis of the amount in controversy as alleged in the Complaint.

### III. <u>CONCLUSION</u>

The Court finds that Carnival has proven to a legal certainty that the amount in controversy in this action exceeds $75,000. Accordingly, Ferketich's Motion to Remand shall be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUISE FERKETICH,  Plaintiff, | : : : | CIVIL ACTION |
| v. | : : | |
| CARNIVAL CRUISE LINES,  Defendant. | : : | NO. 02-CV-3019 |

## **O R D E R**

AND NOW, this       day of August, 2002, in consideration of Plaintiff Louise Ferketich's Motion to Remand (Doc. 3) and the response of Defendant Carnival Cruise Lines thereto, it is ORDERED that the Motion to Remand is DENIED.

BY THE COURT:

_____
JAMES McGIRR KELLY, J.