IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUISE FERKETICH | : | CIVIL ACTION |
| | : | NO. 02-CV-3019 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| CARNIVAL CRUISE LINES | : | |
| | : | |
| Defendant. | : | |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

NOW COMES Defendant, Carnival Cruise Lines ("Carnival"), by and through its counsel, Mattioni, Ltd., and in support of its Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue under the Federal Venue Statute, and Improper Venue due to breach of the Forum Selection Clause in the Passenger Ticket Contract, or, in the Alternative, to Transfer, states as follows:

**Dismissal for Lack of Personal Jurisdiction**

1.      Plaintiff Louise Ferketich filed her Complaint on April 30, 2002, in the Philadelphia County Court of Common Pleas.  The Complaint asserts damages allegedly sustained by Plaintiff while a paying passenger during a cruise aboard Defendant Carnival's vessel, the INSPIRATION, on May 17, 2001.

2.      This action was removed to this Court on May 21, 2002, on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332.  This Court also maintains admiralty jurisdiction under 28 U.S.C. §1333, since the cause of action occurred on navigable waters.

3.     On June 14, 2002, Plaintiff filed a Motion to Remand. The Motion was denied in a Memorandum and Order of the Court dated August 13, 2002, and entered on August 14, 2002.

4.     Defendant is a foreign corporation with its principal place of business located in Miami, Florida, and has no office in the Commonwealth of Pennsylvania (Affidavit of Lupe Seco, Senior Claims Representative, Carnival Cruise Lines attached as Exhibit A[1]).

5.     At all times relevant herein, Carnival owned and/or operated fifteen cruise ships out of Florida, Louisiana, Texas, California, Puerto Rico, Alaska, New York and Massachusetts, none of which called or call at port in Pennsylvania to embark or disembark passengers therefrom (*id.*).

6.     Carnival has never at any material time been licensed to do business in the Commonwealth of Pennsylvania, and has not done business and maintains no office, bank account or telephone number, nor does it pay any business taxes in the Commonwealth of Pennsylvania (*id.*).

7.     No officer, director or employee of Carnival transacted any business in the Commonwealth of Pennsylvania relating to the cruise on which the Plaintiff was booked (*id.*).

8.     Carnival has never had a shareholders' or directors' meeting in the Commonwealth of Pennsylvania and all significant corporate decisions are made in Carnival's corporate offices in Miami, Florida (*id.*).

9.     Carnival does not have a general agent for service of process in the Commonwealth of Pennsylvania (*id.*).

---

[1] All referenced Exhibits are attached to Carnival's Memorandum of Law filed concurrent herewith.

10. Carnival does not own or lease, nor has it ever owned or leased any real estate in the Commonwealth of Pennsylvania (*id.*).

11. Carnival has no office, directors, employees, agents, property, nor any other contacts with the Commonwealth of Pennsylvania for this Court to exercise jurisdiction over it (*id.*).  See e.g.: Helicopteros Nacionales, de Colombia S.A. v. Hall, 466 U.S. 408, 414 n. 8-9, 416 (1984); Villani v. Carnival Cruise Lines, Inc., 1996 AMC 1996 (W.D.Pa. 1996); Partesi v. Carnival Cruise Lines, Inc., 1991 AMC 1401, 1404 (D.N.J. 1990).

WHEREFORE, based upon the foregoing and the Affidavit of Lupe Seco, attached hereto as Exhibit A, and the Memorandum of Law in Support filed concurrently herewith, which is fully incorporated herein, Defendant requests that this Court grant its Motion to Dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and that Plaintiff's Complaint be dismissed with prejudice.

## Dismissal on the Basis of Improper Venue

12. The allegations contained in paragraphs 1 through 11, inclusive, are incorporated herein by reference as if each had been set forth at length.

13. The federal venue statute found at 28 U.S.C. §1391(b) applies to this action, since while the instant action was removed to this Court based upon diversity, the Court also has jurisdiction under 28 U.S.C. §1333.  Villani v. Carnival Cruise Lines, Inc., 1996 A.M.C. 1996 (W.D., Pa. 1996).

14. Venue in this District is improper under 28 U.S.C. §1391(b) since (1) Carnival does not reside in the Commonwealth; (2) a substantial part of the events giving rise to the claim did not occur in this District; and, (3) assuming, *arguendo*, that there was no district where this

action could otherwise be brought, Carnival cannot be found within this District.

15.     The only proper venue for this action under 28 U.S.C. §1391(b) is the District Court for the Southern District of Florida, Miami Division, since it is undisputed fact that: (1) Carnival resides there and is subject to personal jurisdiction there, and Carnival has no office or agents and conducts no activities in the Commonwealth of Pennsylvania (Exhibit "A"); and, (2) no events of any substantial nature occurred within this District.

16.     Furthermore, Plaintiff was at all times material to her allegations a passenger aboard Defendant's vessel under the terms of a Passenger Ticket Contract, a sample copy of which is attached hereto within Exhibit "C".

17.     The Passenger Ticket Contract consists of 11 pages, and is retained by the passengers when they board the ship. On the face of page 1 of the passenger copy of the ticket contract appears the following notice in bold, capital letters:

**IMPORTANT NOTICE TO GUESTS**

> **THIS DOCUMENT IS A LEGALLY BINDING CONTRACT ISSUED BY CARNIVAL CRUISE LINES TO, AND ACCEPTED BY, GUEST SUBJECT TO THE IMPORTANT TERMS AND CONDITIONS APPEARING ON THE FOLLOWING 11 PAGES. THE PROVISIONS ON THE FOLLOWING PAGES OF THIS CONTRACT ARE INCORPORATED AS THOUGH FULLY REWRITTEN ON THE FACE OF THIS CONTRACT.**
>
> **NOTICE: THE ATTENTION OF GUEST IS ESPECIALLY DIRECTED TO CLAUSES 1 AND 15 THROUGH 20, WHICH CONTAIN IMPORTANT LIMITATIONS ON THE RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST CARNIVAL CRUISE LINES, THE VESSEL, THEIR AGENTS AND EMPLOYEES, AND OTHERS.**

18.     The terms and conditions of the Passenger Contract appear on pages 2 through 11 of the ticket. The pertinent portions of the Passenger Ticket Contract terms and conditions

unambiguously requires each passenger to litigate, if at all, in Florida.

    19.    The Passenger Ticket Contract states:

    1.(d)    This ticket is valid only for the person(s) named hereon as Guests and cannot be transferred or modified without Carnival's written consent. It supersedes all prior contracts and representations, whether oral or written. The acceptance or use of this ticket by the person(s) named hereon as Guests shall be deemed acceptance and agreement by each of them to all of the terms and conditions of this Passage Contract.

    2.(d)    Guest acknowledges receipt of Carnival's applicable brochure and "Welcome Aboard" booklet. Guest agrees to abide by the terms and conditions of Carnival's brochure and "Welcome Aboard" booklet.

    20.    It is agreed by and between the Guests and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, shall be litigated, if at all, in and before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

    21.    As evidenced by the attached Affidavit of Lupe Seco (Exhibit "A"), the Passenger Ticket was sent to Plaintiff in a multi-page blue booklet which contained the passenger ticket contract and other items including a boarding pass, itinerary, on-board credit information and application (Exhibit "C"), along with a "Welcome Aboard" brochure (Exhibit "B"), all of which contain further clear and bold notices regarding the terms and conditions contained in the Passenger Ticket.

    22.    Plaintiff and/or her agents received her ticket prior to the scheduled sailing of the vessel, and the law applicable, the general maritime law, is undisputed that the ticket "reasonably communicated" the terms and conditions contained in the Contract. See, *e.g.*: Carnival Cruise Lines v. Shute, 499 U.S. 585, 590, 111 S.Ct. 1522, 1525, 113 L.Ed.2d 622 (1991); Marek v. Marpan Two, Inc. 817 F.2d 242 (3 Cir. 1987); Hodes v. S.N. Achille Lauro, 858 F.2d 905 (3 Cir.

1988); Hicks v. Carnival Cruise Lines, Inc., 1995 AMC 281 (E.D. Pa.1994); Villani v. Carnival Cruise Lines, Inc., 1996 AMC 1996 (W.D. Pa. 1996).

23. The very same forum selection clause in Plaintiff's Passenger Ticket Contract was specifically held by the U.S. Supreme Court to be valid and enforceable in Carnival Cruise Lines v. Shute, *supra* (construing an identical provision), and has since been consistently upheld by the courts, including the state and Federal Courts of Pennsylvania. See, *e.g.*: Hicks v. Carnival Cruise Lines, Inc., 1995 AMC 281 (E.D. Pa. 1994); Villani v. Carnival Cruise Lines, Inc., 1996 AMC 1996 (W.D. Pa 1996); Tone v. Carnival Cruise Lines, Inc., no. 93-374(E.D. PA., Oct. 18, 1993); Urich v. Carnival Cruise Lines, Allegheny County Court of Common Pleas, No. GD 98-15140 (March 31, 1999); Grivesman v. Carnival Cruise Lines, 2001 U.S. Dist. LEXIS 66 (N.D. Il. 2001), vacated and transferred in 2001 U.S. Dist. LEXIS 5257 (N.D. Il. 2001); Perez v. Carnival Cruise Lines, 993 F. Supp. 39 (D. P.R. 1998); Launey v. Carnival Cruise Lines, Inc., 1998 A.M.C. 579 (E.D. La. 1997); Padel v. Carnival Corporation, 1997 U.S. Dist. LEXIS 18894 (E.D. La. 1997); Pierce v. Carnival Cruise Lines, 1996 U.S. Dist. LEXIS 3881 (E.D. La. 1996); Igneri v. Carnival Corp., 1996 U.S. Dist. LEXIS 22484 (E.D. NY 1996); Cooper v. Carnival Cruise Lines, 1992 A.M.C. 2852 (S.D. NY 1992).

24. Plaintiff has disregarded the terms of the Passenger Ticket Contract by filing suit in the Commonwealth of Pennsylvania rather than in the State of Florida as required.

25. Plaintiff's action in Pennsylvania is barred. Plaintiff must pursue her claims, if at all, before a Court in Florida.

26. Defendant's documents and records or other evidence relevant to these matters would only be found in Miami, Florida where Carnival maintains its principal place of business.

WHEREFORE, for the reasons set forth above, in the Exhibits attached hereto, and in Defendant's Memorandum of Law, Defendant requests that this Court grant its Motion to Dismiss due to improper venue, pursuant to Fed. R. Civ. P. 12(b)(3), and dismiss Plaintiff's Complaint with prejudice.

**Alternative Motion to Transfer Under 28 U.S.C. §1631, 1404(a), and/or 1406(a)**

27.  The allegations contained in paragraphs 1 through 26, inclusive, are incorporated herein by reference as if each had been set forth at length.

28.  Should this Court find that it is in the interest of justice to refrain from dismissing the action on the above grounds, it has the discretion under 28 U.S.C. §1404(a), 1406 (a), and/or 1631, to transfer the action to the proper venue, that being the U.S. District Court for the Southern District of Florida, Miami Division.

WHEREFORE, for the reasons set forth above, in the Exhibits attached hereto, and in Defendant's Memorandum of Law, Defendant requests that this Court grant its Alternative Motion to Transfer this action to the U.S. District Court, Southern District of Florida, Miami Division.

                                              Respectfully submitted,

                                              MATTIONI, LTD.

Dated: August 19, 2002           BY: _____
                                                  DANTE MATTIONI, ESQUIRE
                                                  PAUL A. KETTUNEN, ESQUIRE
                                                  399 Market Street, Second Floor
                                                  Philadelphia, PA 19106
                                                  (215)629-1600
                                                  Attorneys for Defendant,
                                                  Carnival Cruise Lines