IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUISE FERKETICH | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| CARNIVAL CRUISE LINES | : | |
|     Defendant. | : | No. 02-CV-3019 |

## MEMORANDUM AND ORDER

**J. M. KELLY, J.**                                    **OCTOBER        , 2002**

Presently before the Court is a Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), for improper venue under Rule 12(b)(3), or in the alternative, to transfer to the Southern District of Florida, filed by the Defendants, Carnival Cruise Lines ("Carnival").  For reasons set forth below, this Court will **GRANT** Carnival's Motion and order that this action be **TRANSFERRED** to the United States District Court for the Southern District of Florida pursuant to the forum selection clause contained in the ticketing agreement between Carnival and Plaintiff Louise Ferketich ("Ferketich").

## I.  BACKGROUND

In March 2001, Ferketich, a resident of Bensalem, Pennsylvania, purchased a ticket for $1,605.00 from Curran Travel Agency ("Curran"), located in Blue Bell, Pennsylvania, to travel aboard the cruise ship, The Inspiration.  The Inspiration is a passenger ship owned and operated by Carnival.  Carnival issued

the ticket on April 27, 2001 and Ferketich received the ticket
and a ticket booklet from Curran on May 6, 2001.

On the first page of Ferketich's ticket, Carnival included a
printed provision directing passengers to throughly read the
terms and "important limitations on rights of guests to assert
claims against the cruise line." (Def. Ex. C.)  The ticket
booklet provided to Ferketich and all passengers cruising on The
Inspiration also contained Carnival's cancellation policy and a
forum selection clause alerting all passengers that disputes
against Carnival must be litigated before a court located in
Miami-Dade County, Florida. (Id.)

On May 13, 2001, Ferketich boarded The Inspiration in New
Orleans, Louisiana.  The vessel was scheduled to return to New
Orleans on May 20, 2001.  Three days before The Inspiration was
to return, Ferketich tripped and fell while descending a flight
of steps aboard the vessel and suffered physical injuries as a
result.

On April 30, 2002, Ferketich filed a complaint in the
Philadelphia County Court of Common Pleas.  On May 21, 2002,
Carnival removed the case to this Court on the basis of diversity
jurisdiction pursuant to 28 U.S.C. § 1332 (2002).  Ferketich then
filed a motion to remand, which this Court denied on August 14,
2002.

On August 19, 2002, Carnival filed a motion to dismiss for

2

lack of personal jurisdiction, improper venue or, in the alternative, to transfer the case to the United States District Court for the Southern District of Florida pursuant to the forum selection clause included in Ferketich's ticket. Carnival challenges this Court's jurisdiction pursuant to Rule 12(b)(2), claiming that Carnival does not maintain contacts with the forum state necessary to exercise either specific or general jurisdiction. Carnival also contends that the forum selection clause provided in Ferketich's ticket booklet is valid and enforceable and requests this Court to transfer the case to a court in Florida pursuant to the provision.

Ferketich filed a response to Carnival's motion to dismiss, and supplied the Court with an affidavit from Ferketich and a notice taken from Carnival's website indicating that Carnival currently deploys passenger vessels from Philadelphia. Ferketich contends that Carnival's contacts with Pennsylvania, particularly the alleged extensive and targeted promotional efforts Carnival engages in, are sufficiently "continuous and substantial" to support personal jurisdiction. Ferketich urges this Court to refrain from transferring the case to another forum and avers that the forum selection clause is both unreasonable and unfair. Because she received her ticket only seven days prior to departure, Ferketich claims that she was provided with inadequate notice of the forum selection clause and would have suffered

3

forfeiture of the entire cost of the ticket if she cancelled her voyage upon receipt.  Moreover, Ferketich asserts that the forum selection clause poses a serious inconvenience to her because she is physically unable to litigate this claim in Florida.

Carnival submitted a reply to Ferketich's response on September 9, 2002, which focuses on the enforceability of the forum selection clause and argues that the fact that Ferketich received her ticket from her travel agent only seven days prior to departure is irrelevant.  Carnival also elaborates that this Court should not consider Ferketich's contacts with Pennsylvania or Ferketich's burden in litigating this claim in Florida when assessing whether this Court can exercise personal jurisdiction over Carnival.

## II.  **DISCUSSION**

Because we find the forum selection clause to be dispositive, this Court not address the question of whether we may exercise personal jurisdiction over Carnival.  This opinion will only focus on whether Ferketich is bound by the forum selection clause contained in her ticket, thereby prompting this Court to transfer the action to Florida pursuant to 28 U.S.C. §

1406(a).[1]

In response to a claim arising under Rule 12(b)(3) of the
Federal Rules of Civil Procedure, a court may grant a motion to
dismiss if the opposing party demonstrates that venue is
improper.  See Fed. R. Civ. Pro. 12(b)(3); Myers v. American
Dental Ass'n, 695 F.3d 716, 724 (3d Cir. 1982).  To satisfy this
burden, Carnival offers a forum selection clause, contained in
the ticket booklet Ferketich received, that directs passengers to
litigate any claims against Carnival in Florida.  Ferketich
argues that this forum selection clause imposes an unfair and
arduous burden on her and cites two reasons why enforcement would
be improper.  First, Ferketich claims that because she did not
receive her ticket and ticket booklet until seven days prior to
departure, she was denied the opportunity to reject these terms
without impunity, as she would have forfeited the entire ticket
price had she cancelled her voyage.  In support of this position,
Ferketich cites four court opinions selected from other
jurisdictions that have each refused to enforce a forum selection

---

[1]    28 U.S.C. § 1406(a) provides:

 The district court of a district in which is filed a
 case laying venue in the wrong division or district
 shall dismiss, or if it be in the interest of justice,
 transfer such case to any district or division in which
 it could have been brought.

clause.[2]  Second, Ferketich states that the forum selection
clause presents a "serious inconvenience" for her because she is
75 years old, has difficulty walking and contends that travel
would be nearly impossible.  For reasons discussed below, we find
Ferketich's arguments to be unpersuasive and insufficient to
defeat Carnival's forum selection clause.

A passenger ticket and the ticket conditions and provisions
contained therein are considered a maritime contract, and thereby
will be scrutinized under federal maritime law.[3]  The Moses
Taylor, 71 U.S. (4 Wall.) 411, 427 (1886); Hodes v. S.N.C.
Achille, 858 F.2d 905, 909 (3d Cir. 1988).  Although admitting
that forum selection clauses have not been historically favored,
the United States Supreme Court has held that such provisions are
"prima facie valid" and should be "given controlling weight in
all but the most exceptional cases."  The Bremen v. Zapata Off-

---

[2]  Ferketich cites: McTigue v. Regal Cruises, Inc., Civ. A.
No. 97-7444, 1998 U.S. Dist. LEXIS 5568 (S.D.N.Y. Apr. 22, 1998);
Corna v. American Hawaii Cruises, Inc., 794 F. Supp. 1005 (D.
Haw. 1992); Stobaugh v. Norwegian Cruise Lines, Ltd., 5 S.W.3d
232 (Tex. App. 1999); Johnson v. Holland American Line-West
Tours, 557 N.W.2d 475 (Wis. Ct. App. 1996).

[3]  Although Carnival has successfully removed this action to
this federal court pursuant to diversity jurisdiction, and
neither party disputes the application of maritime law, it is
clear that maritime law is proper.  Hodes v. S.N.C. Achille, 858
F.2d 905, 909 (3d Cir. 1988).  "[W]hen a common law action is
brought, whether in a state or in a federal court, to enforce a
cause of action cognizable in admiralty, the substantive law to
be applied is the same as would be applied by an admiralty
court-that is, the general maritime law."  Id. (citations
omitted).

Shore Co., 407 U.S. 1, 9-10 (1972); Stewart Org. v. Ricoh Corp.,
487 U.S. 22, 33 (1988) (Kennedy, J., concurring).  A party
contesting enforcement of a forum selection provision bears the
"heavy burden" of demonstrating why enforcement would be
unreasonable.  Bremen, 407 U.S. at 10-12; Hicks v. Carnival
Cruise Lines, Inc., Civ. A. No. 93-5427, 1994 U.S. Dist. LEXIS
10194, at *14 (E.D. Pa. July 26, 1994).  These clauses are
subject to judicial scrutiny under a fundamental fairness
standard.  Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585,
595 (1991).  To uphold a forum selection clause under this
standard, the provision must be "reasonably communicated" to the
passenger in order to ensure they receive sufficient notice of
the conditions therein.  Marek v. Marpan Two, Inc., 817 F.2d 242,
245 (3d Cir. 1987); Hicks, 1994 U.S. Dist. LEXIS 10194, at *9-10.
This assessment evaluates both the physical characteristics of
the contractual terms as well as the sufficiency of the warning
language incorporated in the contract to alert the passenger of
terms and conditions therein.  Marek, 817 F.2d at 245.  The
question of whether terms and conditions included in a
passenger's contract are sufficient to meet this two part test is
a question of law for the court to decide.  Hodes, 858 F.2d at
908.

     In her reply, Ferketich devotes only one conclusory sentence
addressing the adequacy of notice provided in the contract and

offers this Court no factual support underlying her claim.[4]
Ferketich does not discuss the application of the "reasonably
communicated" standard nor offer any factual evidence that would
demonstrate that the physical nature of the ticket or the warning
language contained therein was inadequate to provide notice.[5]
Rather, Ferketich contends that because she received her ticket
only seven days before departure and would have suffered
forfeiture of the entire cost of the ticket if she would have
cancelled upon receipt, Carnival provided her inadequate notice
of the ticket conditions, including the forum selection clause.
Moreover, Ferketich also claims that because of her advanced age
and difficulty traveling, the forum selection clause poses a
serious inconvenience to her.  We will address Ferketich's
arguments in turn.

_____

[4]  In her complaint, Ferketich only informs the Court that
"Plaintiff did not have adequate notice of the forum selection
clause."  (Ferk. Reply.)

[5]  Other courts in the Third Circuit have determined that
the physical terms and warning language contained in certain
Carnival passenger tickets do provide adequate notice to satisfy
the "reasonably communicated" standard.  See, e.g., Hodes, 858
F.2d at 910-12; Tone v. Carnival Cruise Lines, Inc., Civ. A. No.
93-3747, 1993 U.S. Dist. LEXIS 15758, at *13 (E.D. Pa. Oct. 28,
1993); Partesi v. Carnival Cruise Lines, Inc., 1990 W.L. 302890,
at *4 (D.N.J. Nov. 26, 1990).  However, because Ferketich has not
alleged the that the ticket's physical attributes or warning
language fails this standard, we do not need to address whether
the physical attributes of Ferketich's ticket satisfies the
"reasonably communicated" standard.

8

**A.    Adequate Notice**

Ferketich suggests that if she had received the ticket earlier, she would have notice of the clause in time to cancel her voyage without suffering forfeiture of the entire ticket price.[6]  Although Ferketich would suffer a penalty in cancelling the tickets upon receipt, she is mistaken as to the focus of the "reasonable communication" standard.  This standard only examines the warning language and the physical characteristics of the ticket.  Marek, 817 F.2d at 245; Hicks, 1994 U.S. Dist. LEXIS 10194, at *13 n.13.  As one court noted, "[p]rovided the passenger received the ticket prior to boarding, the issue is not the timing but rather the communication of the forum selection clause in the ticket."  Hicks, 1994 U.S. Dist. LEXIS 10194, at *12; see also Hodes, 858 F.2d at 911 ("The essential inquiry remains whether the ticket reasonably communicated to the passenger the conditions of the contract of passage before the passenger boarded the vessel"); Tone, 1993 U.S. Dist. LEXIS 15758, at *6-7.  Because Ferketich admittedly received her ticket

---

[6]  The ticket, in provision 8 of the passenger contract therein, specifies that Carnival will not provide any refunds for cancellations made within seven days or less from the departure date.  (Def. Ex. C.)  The provision also states that Carnival will assess a cancellation charge of $350 for cancellations made within 8 to 29 days from the departure date and a $250 charge for cancellations made within 30 to 70 days from departure.  (Id.)  Carnival does not impose a charge on cancellations made within 71 days or more from the departure.  (Id.)

before departure, this Court finds that Ferketich was provided with reasonable notice of the forum selection clause and therefore the provision satisfies the "reasonable communication" standard.

Ferketich also contends that this Court should refrain from enforcing the forum selection provision because, as applied to her, the provision would violate "fundamental fairness" because she received her ticket only seven days before departure. When disputing the enforceability of a forum selection clause, it is clear that Ferketich must bear the heavy burden of demonstrating "either that enforcement would be unreasonable and unjust, or present sufficiently compelling reasons, such as undue influence, overreaching, and fraud, for invalidating the forum selection clause." Hicks, 1994 U.S. Dist. LEXIS 10194, at *14. As stated above, Ferketich claims that she only received the tickets seven days before departure, thus limiting her opportunity to cancel the ticket without impunity. Although it is evident that Ferketich would have forfeited the entire cost of the ticket if she would have cancelled the trip seven days before departure, this Court finds that Ferketich constructively received the tickets upon receipt by Curran. The Third Circuit is clear that travelers are charged with notice of ticket provisions even when someone acting in the capacity of their agent, and not the passenger himself, possesses the ticket. Hodes, 858 F.2d at 912

10

("through their own and their agent's possession of the tickets, the appellees are charged with notice of the ticket provisions"); Marek, 817 F.2d at 247 (determining that a friend's possession of ticket information is sufficient to charge traveler with notice). By purchasing the ticket on behalf of Ferketich, Curran was indeed acting as her agent.  Thus, Ferketich is charged with possession of the ticket and notice of the provisions therein, on the date Curran received the tickets and not when Ferketich physically took possession.  Accordingly, Ferketich had notice of the ticket provisions, including the forum selection clause, on April 27, 2001, nearly sixteen days before departure.  If Ferketich canceled her voyage on April 27, 2001, she would not suffer a total forfeiture of the $1605 ticket price, but rather only incur a $350 cancellation fee pursuant to Carnival's policy.

Although Ferketich provides this Court with selected cases from other jurisdictions that have refused to enforce a forum selection clause on the basis of inadequate notice, we do not find these cases persuasive or controlling.  For example, Ferketich first relies on the District Court of Hawaii case, Corna v. American Hawaii Cruises, Inc., 794 F. Supp. 1005 (D. Haw. 1992).  In Corna, the plaintiffs were standby passengers on a cruise.  By virtue of their standby status, plaintiffs only received their tickets two days before departure, thereby

preventing them from complying with the four day cancellation
policy and resulting in the forfeiture of their entire fare.
Unlike the plaintiffs in <u>Corna</u>, Ferketich cannot claim that she
was prevented from receiving or retrieving her tickets from
Curran earlier.  <u>Hicks</u>, 1994 U.S. Dist. LEXIS 10194, at *16
(distinguishing <u>Corna</u> and refusing to adopt its analysis).
Additionally, as explained above, Ferketich would not be subject
to total forfeiture because she is charged with constructive
notice of the ticket conditions and terms despite Curran's actual
possession.[7]  Moreover, <u>Corna</u>, like the majority of the other
cases <u>Ferketich</u> supplies the Court, express an admittedly
minority view which courts in this jurisdiction do not appear to

_____

[7]  Consequently, Ferketich's reliance on <u>McTigue v. Regal
Cruises</u>, which also involved the total forfeiture of a
plaintiff's ticket price, is unpersuasive for the same reason.
Civ. A. No. 97-7444, 1998 U.S. Dist. LEXIS 5568 (S.D.N.Y. Apr.
22, 1998).  In <u>McTigue</u>, the plaintiff was subject to total
forfeiture of non-refundable and non-transferable tickets.  As
explained above, Ferketich's situation is factually different, as
she was not subject to total forfeiture of the ticket price.  We
also find Ferketich's reliance on the Wisconsin case, <u>Johnson v.
Holland America Line-Westours, Inc.</u>, which involved a plaintiff
who was diagnosed with cancer before departure, consequently
subjecting him and his wife to forfeit "several thousand
dollars," unpersuasive for the same reasoning.  557 F.W.2d 475,
479 (Wis. App. 1996).  Moreover, we believe that <u>Stobaugh v.
Norwegian Cruise Line Ltd.</u> does not support Ferketich's
arguments.  5 S.W. 3d 232, 234 (Tex. App. 1999).  <u>Stobaugh</u>
discusses the enforceability of a forum selection clause hidden
within a revised promotional brochure sent to plaintiff's two
months after receiving their ticket.  Factually distinguishable
from the instant case, <u>Stobaugh</u> addresses the physical attributes
of the ticket and again reflects a minority approach this Court
does not adopt.

follow.  <u>Hicks</u>, 1998 U.S. Dist. LEXIS 5568, at *16 n. 16 ("The
Third Circuit has emphasized its adherence to the limited
parameters of 'unfair' situations as outlined in <u>Bremen</u>.");
<u>Smith, Valentino & Smith, Inc. v. The Superior Court of Los
Angeles County</u>, 551 P.2d 1206, 1208 (Cal. 1976) (noting
Pennsylvania law represents the "modern trend" in addressing the
reasonableness of forum selection clauses); <u>see also</u> <u>McTigue</u>,
1998 U.S. Dist. LEXIS 5568, at *3 (acknowledging that most courts
reject arguments focusing on penalty clauses).

Although Ferketich would be subject to a $350 cancellation
fee, in light of the fact that the majority of courts have
rejected the argument Ferketich presents, we believe Ferketich
had adequate and reasonable notice to support enforcing the forum
selection clause despite the cancellation fee.  <u>Hicks</u>, 1998 U.S.
Dist. LEXIS 5568, at *16; <u>see, e.g.</u>, <u>Cross v. Kloster Cruise
Lines Ltd.</u>, 897 F. Supp. 1304, 1309 (D. Or. 1995) (enforcing
forum selection clause despite a $400 cancellation fee); <u>Miller
v. Regency Maritime Corp.</u>, 824 F. Supp. 200, 203 (N.D. Fla. 1992)
(enforcing forum selection clause despite forfeiture of 45% of
ticket cost).

Ferketich also suggests that Carnival has chosen Florida as
the forum in which all claims are to be litigated in as an
attempt to discourage cruise passengers from pursuing legal
remedies or an effort to seek more protective laws.  However,

other than commenting on the numerous times Carnival has sought

to enforce the forum selection provision, Ferketich fails to

provide this Court with credible evidence of bad faith.  As the

Shute Court noted, Carnival has its principal place of business

in Florida and deploys many passenger ships from Florida.  Shute,

499 U.S. at 595.  It is reasonable for Carnival to chose Florida

as the forum for passengers to pursue litigation in, as one court

speculated, because the provision "operated to dispel uncertainty

as to where suit could be brought and assured the appellants that

they would not face global litigation."  Hodes, 858 F.2d at 913.

In Shute, the Supreme Court, in upholding a Carnival forum

selection clause, provided three justifications for the

reasonableness of incorporating such a provision:

> First, a cruise line has a special interest in limiting
> the fora in which it potentially could be subject to
> suit.  Because a cruise ship typically carries
> passengers from many locales, it is not unlikely that a
> mishap on a cruise could subject the cruise line to
> litigation in several different fora.  Additionally, a
> clause establishing ex ante the forum for dispute
> resolution has the salutary effect of dispelling any
> confusion about where suits arising from the contract
> must be brought and defended, sparing litigants the
> time and expense of pretrial motions to determine the
> correct forum and conserving judicial resources that
> otherwise would be devoted to deciding those motions.
> Finally, it stands to reason that passengers who
> purchase tickets containing a forum clause like that at
> issue in this case benefit in the form of reduced fares
> reflecting the savings that the cruise line enjoys by
> limiting the fora in which it may be sued.

Shute, 499 U.S. at 593-94.

Ferketich does not offer any evidence suggesting that the forum

14

selection clause is a product of Carnival's bad faith and invites this Court to speculate that Carnival has chosen Florida as a means of discouraging litigation or seeking protection under more lenient laws.  We concur with the Supreme Court and similarly do not find any evidence of bad faith underlying Carnival's decision.

**B.    Inconvenience**

Ferketich also argues that she is incapable of pursuing litigation in Florida because of her advanced age and lack of mobility as a result of the physical injuries for which she claims Carnival is responsible.  To support her claim, Ferketich relies on the Supreme Court case, <u>The Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1 (1972).  Although <u>Bremen</u> does acknowledge that "the serious inconvenience of the contractual forum to one or both of the parties might carry greater weight in determining the reasonableness of the forum clause," <u>Bremen</u>, 407 U.S. at 17, Ferketich fails to consider the Supreme Court's later decision in, <u>Carnival Cruise Lines v. Shute</u>, 499 U.S. 585 (1991), and heed its warning.  Criticizing the Ninth Circuit for evaluating the "serious inconvenience" factor out of context, the Supreme Court stated:

> The Court made this statement in evaluating a
> hypothetical "agreement between two Americans to
> resolve their essentially local disputes in a remote
> alien forum."  In the present case, Florida is not a

> "remote alien forum," nor -- given the fact that...
> [plaintiff's] accident occurred off the coast of Mexico
> -- is this dispute an essentially local one inherently
> more suited to resolution in the State of Washington
> than in Florida."

Id. at 594.

We agree with the Supreme Court's assessment and find that
although Ferketich is 75 years old and experiences difficulty in
traveling, this inconvenience is not severe enough to demonstrate
that litigating in Florida will "be so manifestly and gravely
inconvenient" for her that she will be deprived her day in court.
Bremen, 407 U.S. at 18.  Other district courts recognize that
accepting arguments focused on the expense and inconvenience in
abiding by the forum selection clause would only "nullify the
advantages of the forum selection clauses."  Paster v. Putney
Student Travel, Inc., Civ. A. No. 99-2062, 1999 U.S. Dist. LEXIS
9194, at *11 (C.D. Cal. June 7, 1999) ("Courts have routinely
rejected the notion that the expense or inconvenience of
prosecuting an action in the designated forum rises to the level
of depriving one of one's day in court."); see also Chapman v.
Norwegian Cruise Line, Ltd., Civ. A. No. 01-50004, 2001 U.S.
Dist. LEXIS 9360, at *5 (N.D. Ill. July 5, 2001) (noting that
other courts have rejected the argument that litigation would be
too inconvenient "as their doctors, witnesses, and expert
witnesses" do not reside in the forum state); Cross, 897 F. Supp.
at 1309 (holding that plaintiff's age and limited income are

insufficient considerations to set aside the forum selection clause on grounds of inconvenience).  Although this Court is sympathetic to Ferketich's condition and understands the difficulty she may experience in traveling, she fails to meet the heavy burden of demonstrating that the forum selection clause, for all practical purposes, deprives her of her day in court.


### III.  Conclusion

Accordingly, we **GRANT** Carnival's Motion and **TRANSFER** the case to the United States District Court for the Southern District of Florida pursuant to the forum selection clause.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LOUISE FERKETICH               :        CIVIL ACTION
     Plaintiff,                 :
                                :
     v.                         :
                                :
CARNIVAL CRUISE LINES           :
     Defendant.                 :        No. 02-CV-3019

O R D E R

AND NOW, this      day of October, 2002, in consideration
of the Motion to Dismiss for lack of personal jurisdiction, or
improper venue, or in the alterative, to transfer filed by the
Defendant, Carnival Cruise Lines (Doc. No. 8), the Response of
the Plaintiff, Louise Ferketich (Doc. No. 9) and Carnival's Reply
thereto (Doc. No. 10), it is **ORDERED** that Carnival's Motion is
**GRANTED**.  This action shall be **TRANSFERRED** to the United States
District Court for the Southern District of Florida.

BY THE COURT:

_____

JAMES McGIRR KELLY, J.